**DONG CHOL KIM, Petitioner**

v.

**Eric H. HOLDER, Jr., U.S. Attorney General, Respondent.**

**No. 10–60714**

**Summary Calendar.**

United States Court of Appeals, Fifth Circuit.

June 17, 2011.

Mark Edward Jacobs, Dallas, TX, for Petitioner.

Joseph D. Hardy, Jr., Esq., Trial Attorney, Tangerlia Cox, U.S. Department of Justice Office of Immigration Litigation, Washington, DC, for Respondent.

Before KING, DeMOSS, and CLEMENT, Circuit Judges.

PER CURIAM: *

South Korean native and citizen Dong Chol Kim petitions this court for review of an order of the Board of Immigration Appeals (BIA) concluding that he was removable because his conviction for making a false statement on an income tax return in violation of 26 U.S.C. § 7206(1) qualified as an aggravated felony under 8 U.S.C. § 1227(a)(2)(A)(iii) and 8 U.S.C. § 1101(a)(43)(M). Kim concedes that a § 7206(1) offense may qualify as an aggravated felony for immigration purposes, but he contends that the Government failed to carry its burden of proving that his § 7206(1) offense involved a loss of more than $10,000. Our review of the record controverts this assertion.

The record contains the indictment and judgment for Kim's offense, which establish that the actual loss was $54,232. Because the indictment charged both Kim and his wife, Kim contends that the government has failed to establish the amount of the loss that is attributable solely to Kim. However, spouses who file a joint tax return, such as Kim and his wife, are jointly and severally liable. *See* 26 U.S.C. § 6013(d)(3); *Cheshire v. Comm'r of Inter-*

*nal Revenue,* 282 F.3d 326, 331 (5th Cir. 2002). So the entire amount is attributable to Kim. The indictment and judgment constitute "reasonable, substantial, and probative evidence" and show that the Government has established Kim's removability by clear and convincing evidence. *See Arguelles–Olivares v. Mukasey,* 526 F.3d 171, 178 (5th Cir.2008). The petition for review is DENIED.

---

* Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.